Garbuja v. Garland

BIA
Douchy, IJ
A205 731 934

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty-one.

PRESENT:
> JON O. NEWMAN,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

SURESH GARBUJA,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

19-3058
NAC

FOR PETITIONER: Ramesh K. Shrestha, Esq., New York, NY.

FOR RESPONDENT: Ethan P. Davis, Acting Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Corey

L. Farrell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Suresh Garbuja, a native and citizen of Nepal, seeks review of an August 26, 2019, decision of the BIA affirming a February 6, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Suresh Garbuja*, No. A 205 731 934 (B.I.A. Aug. 26, 2019), *aff'g* No. A 205 731 934 (Immig. Ct. N.Y.C. Feb. 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

The agency reasonably determined that Garbuja did not qualify for asylum or withholding of removal. It is undisputed that Garbuja suffered past persecution. Accordingly, the burden shifted to the Government to show, by a preponderance of the evidence, that a fundamental change in circumstances or the possibility of internal relocation could

2

prevent future persecution. 8 C.F.R. §§ 1208.13(b)(1) (asylum), 1208.16(b)(1)(i) (withholding of removal); *Kone v. Holder*, 596 F.3d 141, 147 (2d Cir. 2010).

The IJ properly found that the Government met its burden in showing that Garbuja could safely relocate. "For an applicant to be able to internally relocate safely, there must be an area of the country where he or she has no well-founded fear of persecution." *Matter of M-Z-M-R-*, 26 I. & N. Dec. 28, 33 (B.I.A. 2012). The Government demonstrated that, although Garbuja suffered persecution by Maoists in his home village, he lived and worked unharmed in a different city, Pokhara, for six years. His father and wife have relocated as well, apparently without incident. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (fear of persecution is undermined when similarly situated family members remain unharmed in the native country). The IJ was entitled to reject Garbuja's contention that he had lived "in hiding" in Pokhara – he had worked in a public place as a waiter at a hotel restaurant – as well as Garbuja's unadorned assertion that he would have been found by Maoists had he stayed in Pokhara.

The IJ's finding that Garbuja could relocate within Nepal is dispositive of asylum and withholding of removal.  8 C.F.R.  §§  1208.13(b)(1)(i)(B), 1208.16(b)(1)(i)(B). Garbuja's CAT claim also fails on this basis.  Because he can safely relocate, he has not shown that he is likely to be tortured.  *Id.* § 1208.16(c)(2), (3)(ii); *see Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010) (where record does not show "chance of persecution required for the grant of asylum . . . [it] necessarily fails to demonstrate the . . . more likely than not to be tortured standard required for CAT relief" (internal quotation marks and citations omitted)).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4